<u>NOT FOR PUBLICATION</u>

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| ANGEL COLON | : | Civil Action No. 03-1772 (JAG) |
| Petitioner, | : |  |
| v. | : | **O P I N I O N** |
| TERRY MOORE, et al., | : |  |
|  | : |  |
| Respondents. | : |

**APPEARANCES:**

    ANGEL COLON, #251800, Petitioner <u>Pro</u> <u>Se</u>
    East Jersey State Prison
    Lock Bag R
    Rahway, New Jersey  07065

    BORIS MOCZULA
    OFFICE OF THE NEW JERSEY ATTORNEY GENERAL
    Division of Criminal Justice, Appellate Bureau
    P.O. Box 086
    Trenton, New Jersey 08625

    DEBRA G. LYNCH
    ESSEX COUNTY PROSECUTOR'S OFFICE
    New Courts Building
    Newark, New Jersey 07102
    Attorneys for Respondents

<u>**GREENAWAY, Jr., DISTRICT JUDGE**</u>

    Angel Colon ("Colon"), who is confined at East Jersey State Prison in Rahway, New Jersey, filed a Petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254(a), raising several grounds for relief.  The State filed an Answer opposing the Petition, accompanied by

relevant portions of the State court proceedings. For the reasons expressed below, this Court shall deny habeas relief, dismiss the Petition, and decline to issue a certificate of appealability. See 28 U.S.C. §§ 2254 (a) and (d); 2253 (c) (2).

## I. BACKGROUND

Petitioner pled guilty on December 10, 1996, to murder, assault, and receiving stolen property offenses. (Petition, Paragraph 4; Answer, Paragraphs 4-5, 12.) On January 31, 1997, Petitioner was sentenced to imprisonment for 30 years, with a 30 year parole disqualifier. (Pet., Paragraph 3, Ans. Paragraph 12.) Petitioner appealed, seeking to withdraw his guilty plea; by order dated May 31, 2000, the Appellate Division affirmed Petitioner's conviction and sentence. (Ans., Paragraph 12.) Petitioner did not file an application for certification with the New Jersey Supreme Court. (Id.) His Petition for state post-conviction relief was denied on May 29, 2001. (Id.) The New Jersey Appellate Division affirmed on October 31, 2002, and the New Jersey Supreme Court denied certification on January 21, 2003. (Ra. 10, 13.) Petitioner submitted this application on April 21, 2003. (Docket.)

## II. DISCUSSION

A. Standards Governing Petitioner's Claims

Section 2254(a) grants federal district courts subject matter jurisdiction to entertain a claim that a state prisoner is in custody in violation of the federal constitution or federal law or treaties. Section 2254(a) provides, in pertinent part:

> . . . a district court shall entertain an application for a writ of
> habeas corpus in behalf of a person in custody pursuant to the
> judgment of a State court only on the ground that he is in custody
> in violation of the Constitution or laws or treaties of the United
> States.

2

A habeas corpus petition must "specify all the grounds for relief," and set forth in summary form "the facts supporting each of the grounds thus specified." See Rule 2 (c) of the Rules Governing Section 2254 Cases in District Courts.  Petitioner has the burden of establishing each claim in the Petition.  See United States v. Abbott, 975 F. Supp. 703,705 (E.D. Pa. 1997).

Under 28 U.S.C. § 2254, as amended by the Anti-Terrorism and Effective Death Penalty Act, 28 U.S.C. § 2244 ("AEDPA"), federal courts in habeas corpus cases must give deference to determinations of the state courts.  Duncan v. Morton, 256 F.3d 189, 196 (3d Cir.), cert. denied, 534 U.S. 919 (2001); Dickerson v. Vaughn, 90 F.3d 87, 90 (3d Cir. 1996) (citing Parke v. Raley, 506 U.S. 20, 36 (1992)).  Habeas corpus relief must be denied as to

> any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim-
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal Law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254 (d) (1).

The Supreme Court interpreted this standard in Williams v. Taylor, 529 U.S. 362 (2000), explaining that

> Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts.  Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

3

529 U.S. at 412-13.  See also Marshall v. Hendricks, 307 F.3d 36, 51 (3d Cir. 2002), cert. denied, 538 U.S. 911 (2003.).  Whether a state court's application of federal law is "unreasonable" must be judged objectively; an application may be incorrect, but still not unreasonable.  Williams, 529 U.S. at 409-10.  In addition, "in certain cases it may be appropriate to consider the decisions of inferior federal courts as helpful amplifications of Supreme Court precedent." Matteo v. Superintendent, SCI Albion, 171 F.3d 877, 890 (3d Cir.), cert. denied, 524 U.S. 824 (1999).  Finally, in considering claims raised in a habeas petition, federal courts "must presume that the factual findings of both state trial and appellate courts are correct, a presumption that can only be overcome on the basis of clear and convincing evidence to the contrary." Stevens v. Delaware Correctional Center, 295 F.3d 361, 368 (3d Cir. 2002).  See also Dickerson v. Vaughn, 90 F.3d 87, 90 (3d Cir. 1996) (citing Sumner v. Mata, 449 U.S. 539, 546 (1981) (section 2254 makes no distinction between the factual determinations of a state trial court and those of a state appellate court)); Duncan v. Morton, 256 F.3d 189, 196 (3d Cir.), cert. denied, 534 U.S. 919 (2001) (federal courts must ". . . afford state courts' factual findings a presumption of correctness, which the petitioner can overcome only by clear and convincing evidence.").  See also 28 U.S.C. § 2254 (e)(1).[1]

     The Supreme Court of the United States also has emphasized that "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions" because, "[i]n conducting habeas review, a federal court is limited to deciding whether a

---

[1] Section 2254 (e)(1) provides: "[i]n a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence."

4

conviction violated the Constitution, laws, or treaties of the United States." Estelle v. McGuire, 502 U.S. 62, 67-68 (1991); accord Engle v. Isaac, 456 U.S. 107, 119-20 (1982); Barry v. Bergen County Probation Dep't, 128 F.3d 152, 159 (3d Cir. 1997), cert. denied, 522 U.S. 1136 (1998). "[M]ere errors of state law are not the concern of [the federal] Court, unless they rise for some other reason to the level of a denial of rights protected by the United States Constitution." Wainwright v. Goode, 464 U.S. 78, 86 (1983) (quoting Gryger v. Burke, 334 U.S. 728, 731 (1948)); see also Johnson v. Rosemeyer, 117 F.3d 104, 109 (3d Cir. 1997); United States ex rel. Jacques v. Hilton, 423 F. Supp. 895, 899-900 (D.N.J. 1976). "[I]t is well established that a state court's misapplication of its own law does not generally raise a constitutional claim." Smith v. Horn, 120 F.3d 400, 414 (3d Cir. 1997) (citations and internal quotation marks omitted), cert. denied sub nom. Dist. Attorney of Bucks County v. Smith, 522 U.S. 1109 (1998); see also Wainright v. Sykes, 433 U.S. 72, 81 (1977) (questions of state substantive law are not federal claims); Smith v. Zimmerman, 768 F.2d 69, 71, 73 (3d Cir. 1985).

A federal district court may not convert a ground asserting a violation of state law into a ground asserting a violation of the federal constitution.[2] Nor may the court address a constitutional claim that is apparent from the facts of the case, but is not set forth on the face of the petition as a ground for relief.[3] A federal district court must dismiss a habeas corpus petition,

---

[2] See Engle v. Issac, 456 U.S. 107, 119-20 & n.19 (1982) (insofar as petitioners simply challenged the correctness of the self-defense instructions under state law, their petitions alleged no deprivation of federal rights, and § 2254 was inapplicable); Kontakis v. Beyer, 19 F.3d 110, 116-17 & n.10 (3d Cir. 1994) (where petitioner asserted in § 2254 petition that the exclusion of testimony violated his rights under state law, federal court may not consider ground, not set forth in the petition, that exclusion of the testimony violated his federal due process rights).

[3] See Withrow v. Williams, 507 U.S. 680, 695-96 (1993) (where habeas petition raised
(continued...)

summarily or otherwise, if it appears from the face of the petition that petitioner does not claim a constitutional violation. Siers v. Ryan, 773 F.2d 37, 45 (3d Cir. 1985), cert. denied, 490 U.S. 1025 (1989); Rule 4 of the Rules Governing Section 2254 Cases.[4]  "If a state prisoner alleges no deprivation of a federal right, § 2254 is simply inapplicable.  It is unnecessary in such a situation to inquire whether the prisoner preserved his claim before the state courts." Engle v. Isaac, 456 U.S. 107, 120 n.19 (1982); see also James S. Liebman & Randy Hertz, Federal Habeas Corpus Practice and Procedure § 9.1 (3d ed. 1998).

B.  Claims Asserted in the Petition

1.  Ground One

Petitioner argues that he was denied his constitutional right to due process of law because of an alleged failure to provide him with a Spanish interpreter during crucial stages of his proceedings.  As the New Jersey Appellate Division found in its opinion affirming denial of psot-conviction relief:

---

[3](...continued) claim that the police had elicited petitioner's statements without satisfying Miranda, the district court erred when it "went beyond the habeas petition and found the statements [petitioner] made after receiving the Miranda warnings to be involuntary under due process criteria"); Baker v. Barbo, 177 F.3d 149, 156 n.7 (3d Cir.), cert. denied, 528 U.S. 911 (1999) (where petition contains ground asserting the ineffective assistance of counsel during plea negotiations and trial, the district court may not consider ground, evident from the facts but not raised in the petition, that counsel was ineffective by failing to advise petitioner that he faced a longer sentence by appealing the conviction).

[4] Rule 4(c) provides: "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified."  The Advisory Committee Notes to Rule 4 emphasize that "'notice' pleading is not sufficient, for the petition is expected to state facts that point to a 'real possibility of constitutional error.'" (citing Aubut v. Maine, 431 F.2d 688, 689 (1st Cir. 1970)).

> [The post-conviction court below concluded] that despite defendant's protestations, the record of the plea proceeding demonstrated, beyond any reasonable doubt, that defendant was not only sufficiently skilled in the English language to have understood the proceedings, but that he had also been furnished with a Spanish interpreter as an extra precaution.

Opinion of the New Jersey Appellate Division in State v. Colon, A-6042-0034, Oct. 31, 2002, Ra. 10.

Petitioner used a Spanish interpreter during his plea proceeding. Thus, Petitioner has failed to meet his burden in establishing a constitutional violation in this instance, and this Court cannot conclude that the determination of this issue in state court resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. The Court shall deny relief on this claim.

2. Ground Two

Petitioner makes a related claim that his constitutional right to the effective assistance of counsel was violated. (Petition, Ground Two.)

Claims of ineffective assistance of counsel are governed by the decision of the Supreme Court of the United States in Strickland v. Washington, 466 U.S. 668 (1984), and its progeny. See also Marshall v. Hendricks, 307 F.3d 36, 84 (3d Cir. 2002), cert. denied, 538 U.S. 911 (2003). Under Strickland, Petitioner must first show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed by the Sixth Amendment. Second, Petitioner must show that counsel's deficient performance prejudiced him, resulting in an unreliable or fundamentally unfair outcome of the proceeding. Strickland, 466 U.S. at 687. This requires a showing that counsel's errors

7

were so serious as to deprive the defendant of a fair trial, that is, a trial whose result is reliable. Strickland, 466 U.S. at 687; see also Berryman v. Morton, 100 F.3d 1089, 1094 (3d Cir. 1996). Moreover, "judicial scrutiny of an attorney's competence is highly deferential." United States v. Hart, Civ. A. No. 00-5204, 2002 WL 318337, *4 (E.D. Pa. Feb. 25, 2002) (quoting Diggs v. Owens, 833 F.2d 439, 444-45 (3d. Cir. 1987)).

A deficient performance falls "outside the wide range of professionally competent assistance." Strickland, 466 U.S. at 690.  To establish deficient performance, Petitioner must demonstrate that "counsel's representation fell below an objective standard of reasonableness." Id. at 688.  In making an objective evaluation as to counsel's performance, "a court must indulge a strong  presumption that counsel's conduct falls within the wide range of reasonable professional assistance"  and " might be considered sound trial strategy [under the circumstances]."  Id. at 689.  Strickland thus imposes a "highly demanding" standard upon a petitioner to prove the "gross incompetence" of his counsel.  Kimmelman v. Morrison, 477 U.S. 365, 382 (1986); Buehl v. Vaughn, 166 F.3d 163, 169 (3d Cir.), cert. denied, 527 U.S. 1050 (1999) (only rarely will a claim of ineffectiveness  succeed under the deferential standard applicable to counsel's performance).

To establish prejudice, Petitioner must show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would be different." Strickland, 466 U.S. at 694.  "A reasonable probability is a probability sufficient to undermine confidence in the outcome."  Id.  See also Stevens v. Delaware Correctional Center, 295 F.3d 361, 369 (3d Cir 2002) (citing Strickland).  Under Strickland, Petitioner is required to demonstrate how specific errors undermined the reliability of the guilt-determination process.

See United States v. Cronic, 466 U.S. 648, 659 n. 26 (1984). Absent some effect of defense counsel's conduct on the trial process' reliability, the Sixth Amendment guarantee is generally not implicated. Lockhart v. Fretwell, 506 U.S. 364, 369 (1993).

Petitioner has not met these requirements. The New Jersey post-conviction court rejected this claim (Ra. 7, Da 22), and the New Jersey Appellate Division affirmed. (Ans., Ra 10.) In his May 29, 2001 Opinion, Judge Eugene J. Codey, Jr. stated:

> On 12/9/96, the day before his plea, the court conducted a hearing and had an extensive discussion on the record with Mr. Colon and his attorney, George Tosi. This colloquy was entirely in English. When the hearing was concluded, co-defendant Correa's attorney, Dennis Cipriano, who was not present during the hearing, alleged that Mr. Colon was not conversant in the English language. Without accepting this statement as a reality, the hearing was immediately reconducted utilizing a Spanish interpreter to eliminate any doubt that Mr. Colon fully understood the nature of the proceedings. In fact, on page 9 of the transcript, lines 16 through 18, Mr. Colon's attorney is quoted as stating in response to Mr. Cipriano's assertion of a language problem that "he's been talking to me in English all along. We discussed the matter, and you discussed it with him, and he responded to you."

> Petitioner's claim that he was not able to understand his attorney, nor the advice provided by said counsel because the attorney did not speak Spanish is entirely devoid of any merit. In fact, an interpreter was appointed by this court exactly for that purpose, namely, to eliminate any doubt that the defendant fully understood his constitutional rights prior to ultimately entering his guilty plea on 12/10/96.

> Mr. Colon's family retained a new attorney, Robert J. Candido, Esq. to appear on his behalf at the sentencing on January 31, 1997. This court stated on page 4 of the sentencing transcript lines 16 through 21 that "Although we have conversed with Mr. Colon on numerous occasions in the English language, to be absolutely certain that Mr. Colon understands everything, we have with us today one of our official interpreters, who's assisting us during the course of these proceedings." On page 8 of the very same transcript, this court asked Mr. Candido if he discussed with Mr. Colon any requests to retract his plea of guilty. Mr. Candido's response on page 8, lines 13 through 23 is as follows:

> "Yes, your Honor. Last week I appeared before Mr. Colon in the jail, and the interpreter, in fact the same interpreter here in court today, translated for Mr.

9

>Colon. I discussed with him the mandatory penalties, again under the statute for this offense. I asked him if it was his intention to retract this plea, and he indicated to me at that time, no, he wished to proceed with the plea, so long as he was-he had the opportunity to get 30 years, and no more than 30 years, and I indicated to him, that's in the Court's discretion, it is possible to enter this scenario . . . ."
>
>Petitioner has not shown how trial or appellate counsel's conduct prejudiced him within the meaning of the effective assistance of counsel standard. The claimed errors do not overcome the presumption that counsel's conduct was within the wide range of acceptable, reasonable professional assistance, nor do they demonstrate prejudice to defendant sufficient to undermine confidence in the outcome of the proceedings. Moreover, and of equal importance, thorough study of the record shows that defendant was provided a rigorous, viable defense and appeal and that his counsels' performance were not unreasonable or inadequate. Defense and appellate counsel were conscientious and zealous in their representation of the petitioner. The record does not support or even give rise to a fair inference that trial or appellate counsels' performance was in any way inadequate or below a level of reasonable competence.
>
>Finally, even assuming that counsels' performance could in some way be characterized as deficient, which I do not find, their conduct was not so deficient as to create a reasonable probability that these deficiencies materially contributed to defendant's conviction. State v. Fritz, 105 N.J. 42 (1987); see also Strickland v. Washington, 466 U.S. 668 (1984).

Ans., ra.7, Da. 22-23.

The New Jersey Appellate Division affirmed substantially for the reasons stated by Judge Cody. (Ans., Ra.10, Opinion of the New Jersey Appellate division in State v. Colon, A-6042-00T4 (Oct. 31, 2002.) Given the foregoing analysis, this Court can not conclude that determination of this issue resulted in a decision that was contrary to, or involved an unreasonable application or determination of law or fact. Williams v. Taylor, supra. See also Chadwick v. Janecka, 312 F.3d 597, 606 (3d Cir. 2002), cert. denied, 538 U.S. 1000 (2003) (state court's rejection of petitioner's claim without explanation was a decision on the merits and thus entitled to § 2254(d) deference); Barclay v. Spitzer, 2003 WL 24053776, *18 (E.D. N.Y

September 1, 2003) (state appellate court's determination of meritlessness was not contrary to the standard announced in Williams v. Taylor, supra.). The Court also will deny relief on this claim.

C.  Certificate of Appealability

Because the Petitioner has not made a substantial showing of the denial of a constitutional right, no certificate of appealability will issue, pursuant to 28 U.S.C. § 2253 (c). See Fed. R. App. P. 22(b)(1); 3d Cir. L.A.R. 22.2.

### III.  CONCLUSION

Based upon the foregoing discussion, the Court will deny habeas relief, dismiss the Petition and decline to issue a certificate of appealability. See 28 U.S.C. §§ 2254 (a) and (d); 2253 (c) (2).

An appropriate Order accompanies this Opinion.

 S/Joseph A. Greenaway, Jr.
JOSEPH A. GREENAWAY, JR., U.S.D.J.

Dated: December 27, 2005